SAMUEL A. BOTTOM & others *vs.* AUGUSTUS CLARKE & Trustees.

Where a small locked trunk is deposited in the vault of a bank, for safe keeping merely, with the consent of the officers of the bank, who are ignorant of its con-tents, and have no authority to open the trunk for the purpose of ascertaining them; neither the bank, nor its officers, can be charged by the trustee process as the trustees of the owner, either for the contents of the trunk, or for the trunk itself.

THE parties, summoned as trustees of the principal defend-ant in this case, were the president, directors and company of

the Holyoke Bank, and John Clarke, their president. The case was submitted to the court upon the answers of the said Clarke, which, it was agreed, should be taken also as the answers of the bank. He answered as follows:

" At the time of the service of the writ, there was in the vault of the Holyoke Bank, a small trunk, which had been left in the vault by Augustus Clarke; neither I nor any other officer of the bank have known its contents, or had access to said contents. He merely requested the privilege of leaving it in the vault, whenever he has brought it there; and this privilege I have sometimes given, when I was present at the time; or, if I was not there, the cashier, or the clerk would give it. Neither the bank nor I personally took any responsibility of safely keeping said trunk; and the said Augustus Clarke usually himself put it in the vault and took it from thence. Said trunk was kept locked up with other property in the vault, whenever it was there at the usual time of locking the vault. I can't recollect how long he had been in the practice of leaving the trunk there; he had done so for some time prior to the service of the writ. No person has access to the vault without permission of some one of the officers of the bank. And, as I have stated, Augustus Clarke acted, as I have no doubt, under a permission from myself, or the cashier or clerk in the bank, present at this particular time of leaving it. But I have no knowledge or recollection as to who was present or gave the permission at this particular time. I might have given it, the cashier might, or the clerk might; whenever such permission was given, it was given by either of us, rather as a neighbor, and as granting a neighborly favor, than as an officer of the bank, having any authority in behalf of the bank to grant such permission. This deposit did not differ from many, perhaps most, of the other deposits of trunks or valuables. We have often given a permission, such as was given to Augustus Clarke. I have not at any time known from said Clarke, or otherwise, any of the contents of said trunk, or of what the contents consisted."

*C. P. Huntington*, for the plaintiffs, cited *Foster* v. *Essex Bank*, 17 Mass. 479, 498; Story on Bailm. §§ 55, 60, 88, 89. 9.;

Bottom & others *v.* Clarke & Trustees.

*C. Delano,* for the trustees.

METCALF, J. The Holyoke Bank and its president, John Clarke, are summoned as trustees of the principal defendant. By agreement of the parties, the answer of the president is taken, as well for the bank as for himself. On this answer, the question has been raised, whether the trunk, if intrusted or deposited in the hands or possession of any one, was so intrusted or deposited in the hands or possession of the bank or of the president. But we need not decide this question; because we are of opinion that, though it should be decided in the affirmative, yet that both the bank and the president must be discharged, upon another ground.

The trunk, in this case, was put into the vault of the bank, as a place of safe keeping merely. Its contents were unknown, and are still unknown, to the officers of the bank; and they had no right to open it, either before or after service of the trustee process, for the purpose of ascertaining its contents. Such an act would have been a breach of trust, which would have subjected them to an action by the depositor. *Foster* v. *Essex Bank,* 17 Mass. 504, 506. Now as the answer of the bank and its president furnishes no evidence of the contents of the trunk, we are not authorized to presume that it contained goods, effects or credits, which could be attached and held to satisfy a judgment against the owner. Judging from our extrajudicial knowledge concerning such deposits in banks, we should rather presume that the trunk contained notes and securities, or other valuable private papers, that are not within the reach of the trustee process. But we make no presumption whatever. The parties summoned as trustees in this case must be charged or discharged, on the answer which has been filed, and on that alone. That answer does not show that the trunk contained any attachable goods, effects or credits of the principal defendant.

It was suggested, in behalf of the plaintiffs, that the bank, or its president, must be charged as trustee, at least for the trunk, if not for its contents, and is bound, by the Rev. Sts. *c.* 109, § 22, to deliver it to the officer who may hold an execution against the owner, to be sold as if taken on execution

in the common form.   But, by that section, it is only when the party, who is summoned as trustee, is "chargeable" as such, by reason of "goods or chattels, other than money," held by him, that he is required to deliver the same to such officer.   And we have already seen that the parties summoned as trustees in this case are not chargeable for the unknown contents of the trunk, and cannot lawfully open it and take its contents from it.   If, therefore, they were to be charged, by reason of the trunk, and were bound to deliver it to an officer, to be sold on execution, they must also deliver to him the contents, for which they are not chargeable, including even money, (if it contains money,) which they are not by law bound so to deliver.   As the trunk and its contents cannot lawfully be separated by the officers of the bank, and as they are not chargeable by reason of the contents, and cannot lawfully deliver the one, without delivering the other, they are not chargeable by reason of either.

By the custom of London, locked trunks and boxes are subject to foreign attachment, and the court, after four several defaults of the owner, gives judgment that they be opened. Priv. Lond. (3d. ed.) 266 ; Com. Dig. Attachment, C.   We have no such law or custom.   It may be, however, that an officer, in the service of an execution, is authorized to break open the judgment debtor's private trunk, (2 Show. 87,) for the purpose of selling the contents, if they are liable to execution. But he must first obtain lawful possession of the trunk.   And we cannot help him to such possession in the present case.

*Trustees discharged.*